**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIRATH SINGH, | No. 10-71669 |
| Petitioner, | Agency No. A077-610-699 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:     ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Tirath Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed over three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate changed circumstances in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution."). In denying the motion to reopen, the BIA properly compared evidence in the record at the time of Singh's prior hearing to evidence he submitted with his motion to reopen. To the extent Singh argues the BIA denied his motion to reopen based on the conclusion that he knowingly withdrew his prior application for withholding of removal, his contention is belied by the record because the BIA did not deny his motion to reopen based on this.

Because the BIA's changed circumstances finding is dispositive, we reject Singh's contention that the BIA erred by ignoring his Convention Against Torture claim. Singh's remaining contentions that do not relate to the changed country

condition finding similarly are unavailing.  Finally, we reject Singh's contention

that the BIA did not adequately examine his evidence.  *See Fernandez v. Gonzales*,

439 F.3d 592, 603 (9th Cir. 2006) (finding petitioner had not overcome the

presumption that the BIA reviewed the record); *see also Najmabadi*, 597 F.3d at

990 (the BIA "does not have to write an exegesis on every contention").

**PETITION FOR REVIEW DENIED.**